IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERRY RODRIGUEZ and
ELAINE ROMERO,

    Plaintiffs,

v.               No. CIV 13-169 JP/KBM

THE CITY OF ALBUQUERQUE,
RAY SCHULTZ, in his Official Capacity,
DOUG WALTON, JOHN WHISONANT,
SCOTT MILLS, RUSSELL PEREA,
CARL CLELAND, and JOHN DOES 1-4,
in their Individual Capacities,

    Defendants.

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO STAY

DEFENDANTS RUSSELL PEREA AND SCOTT MILLS' ("Defendants") MOTION FOR STAY OF DISCOVERY PENDING DISPOSITION OF MOTION FOR QUALIFIED IMMUNITY (Doc. No. 24) ("motion to stay") seeks an immediate stay of all discovery pending resolution of their motion for summary judgment based on qualified immunity (Doc. No. 22).[1] PLAINTIFFS' OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR STAY OF DISCOVERY AND PLAINTIFFS' AND [sic] REQUEST FOR LIMITED DISCOVERY (Doc. No. 32) opposes Defendants' qualified immunity

---

[1] On August 15, 2013, the remainder of the Defendants – the City of Albuquerque, Carl Cleland, Ray Schultz, Doug Walton, and John Whisonant – filed their own motion for summary judgment based on qualified immunity and joined the motion to stay. NOTICE OF JOINDER (Doc. No. 27), DEFENDANTS CITY OF ALBUQUERQUE, RAY SCHULTZ, DOUG WALTON, JOHN WHISONANT AND CARL CLELAND'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 28).

motion and the other Defendants' summary judgment motion (Doc. No. 28) ("Response"). In addition, the Response asks the Court to allow limited discovery set forth in Plaintiffs' attached Fed. R. Civ. P. 56(d) affidavit (Doc. 32-1) in order "to adequately dispute Defendants' undisputed material facts, allow Plaintiffs to supplement this response brief after said discovery is completed, and otherwise hold Defendants' Motions for Summary Judgment . . . until Plaintiffs have supplemented this response brief." (Response at 35-36). DEFENDANTS' CONSOLIDATED REPLY IN SUPPORT OF THEIR MOTION FOR STAY OF DISCOVERY . . . AND IN OPPOSITION TO PLAINTIFFS' REQUEST FOR LIMITED DISCOVERY argues that their request to stay all discovery should be granted in part because Plaintiffs' did not establish why any discovery is necessary. (Doc. No. 36.)

On October 3, 2013, the Court conducted a hearing on Defendants' motion to stay and Plaintiffs' request for limited discovery. Plaintiffs were represented by Brendan K. Egan, Carolyn M. Nichols, and Maggie Lane. Defendants were represented by Kristin J. Walton and Patricia Williams. After considering the pertinent legal standards, the parties' briefing, and arguments by counsel at the hearing, the Court made rulings on the record allowing Plaintiffs to conduct limited discovery, as described below, for purposes of supplementing their response to Defendants' qualified immunity motion. All other discovery is stayed pending the Court's resolution of Defendants' qualified immunity motion. Therefore, the Court will grant in part and deny in part Defendants' motion to stay discovery.

**Discovery Permitted**

    **1.**    **Limited Deposition of Defendant Scott Mills ("Officer Mills")**

At the hearing, the Court first addressed Plaintiffs' request for limited discovery regarding Plaintiff Jerry Rodriguez's ("Mr. Rodriguez") excessive force claim. The Court concludes that a

limited deposition of "Officer Mills" is necessary for the Court to clarify ambiguities in the record and to assist it in resolving Defendants' qualified immunity motion as to Mr. Rodriguez's excessive force claim. During the deposition, Plaintiffs may ask Officer Mills about the force he used, if any, during the detention of Mr. Rodriguez and Officer Mills' observations of what occurred when the officers took Mr. Rodriguez from the vehicle and placed him on the ground. Plaintiffs also may inquire into whether or not Officer Mills told other officers at the scene to use force in detaining Mr. Rodriguez, as well whether Officer Mills directed officers at any time to cease using force in detaining Mr. Rodriguez. The deposition is limited to Officer Mills' personal involvement in the use of force or orders related to the use of force against Mr. Rodriguez.

The Court denies Plaintiffs' requests to ask Officer Mills questions about other matters concerning the stop and detention, but allows reasonably related follow-up questions into the specific areas identified above. While Plaintiffs' counsel requested a "few hours" for this limited deposition, the Court suggests that the deposition last no longer than 45 minutes. In addition, at the hearing, Plaintiffs' counsel agreed to take Officer Mills' deposition in the Los Alamos area where he is located.

## 2. Limited Deposition of Defendant Doug Walton ("Sgt. Walton")

After hearing argument by counsel as to Sgt. Walton's role during the detention of Mr. Rodriguez and Plaintiff Elaine Romero ("Ms. Romero"), the Court finds that a limited deposition of Sgt. Walton is necessary for purposes of assisting it in resolving the qualified immunity motion on the excessive force claim. At the deposition, Plaintiffs may ask Sgt. Walton what he observed and what he orders he gave, if any, regarding the force officers applied to Mr. Rodriguez during the detention. In addition, Plaintiffs may ask Sgt. Walton about his observations of any force officers applied to Ms. Romero and what, if any, directions Sgt. Walton gave to officers at the scene

3

regarding the force to be used specific to Ms. Romero. Plaintiffs may inquire whether Sgt. Walton observed Ms. Romero being handcuffed or if he directed that she be placed in handcuffs. The Court denies Plaintiffs' request to ask other questions of Sgt. Walton.

Plaintiffs did not specify how long they expected this limited deposition to take but generally spoke of depositions lasting three to four hours. While Plaintiffs are allowed to ask reasonably related follow-up questions about the limited areas identified above, the Court suggests that Sgt. Walton's deposition not exceed 30 minutes.

### 3. Limited Deposition of Defendant John Whisonant ("Sgt. Whisonant")

The Court next addressed the actual stop of Mr. Rodriguez's vehicle. The Court concludes that a limited deposition of Sgt. Whisonant is necessary to assist it in resolving Defendants' qualified immunity motion with respect to the vehicle stop. The Court limits the areas of inquiry during this deposition to when Sgt. Whisonant arrived at the scene, what orders he gave at the scene, and the timeline of events he observed at the scene, including when he received information. Plaintiffs can ask if and when Sgt. Whisonant communicated with homicide detective Barboa, and the contents and timing of those communications in relation to the vehicle stop. In addition, Plaintiffs may ask Sgt. Whisonant to define or explain the "brevity codes" on the tapes or recordings, to the extent other documents in Plaintiffs' possession do not already define those codes. (*See, e.g.,* Doc. No. 32-14.)

While Plaintiffs may follow up with reasonably-related questions into these discrete areas, the Court does not permit Plaintiffs to ask Sgt. Whisonant about any other areas concerning the allegations. The Court suggests that Sgt. Whisonant's deposition not last longer than 45 minutes.

### 4. Expanded Version of the Dispatch Recording

Plaintiffs' counsel stated they only had a condensed version of the dispatch recording of the pertinent incident as opposed to a real-time version of the recording that might be about 30 minutes longer than the condensed version.  At the hearing, they asked for the expanded version of the dispatch recording.

Defense counsel stated she could not be certain whether the expanded version still exists. The Court asked defense counsel to produce to Plaintiffs the 35-minute expanded version of the dispatch recording if available, and defense counsel agreed to do so.

### Miscellaneous Matters

Defense counsel requested that the Court include interlocutory language in this Order for purposes of allowing an immediate appeal.  The Court directed defense counsel to submit a letter to the Court by the end of business on October 3, 2013, and allowed Plaintiffs' counsel to respond by letter no later than noon on October 4, 2013.

After reviewing both letters and the pertinent legal standards, the Court finds that this matter does not involve a "controlling question of law as to which there is substantial ground for difference of opinion."  28 U.S.C. § 1292(b).  In addition, the Court determines that an immediate appeal from this Order is not likely to "materially advance the ultimate termination of the litigation."  *Id.*  The Court allowed only very limited discovery to assist in determining the existence of disputed facts regarding Defendants' entitlement to qualified immunity.

The Court is cognizant that the defense of qualified immunity protects government officials from liability and also shields them from other burdens of litigation, including discovery.  *Mitchell v. Forsyth*, 372 U.S. 511, 526 (1985); *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004). In *Ben Ezra, Weinstein & Co. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir.), *cert denied*, 531

U.S. 824 (2000), however, the Tenth Circuit contemplated that a court could permit limited discovery if a plaintiff demonstrated specifically how such discovery would assist in overcoming a defendant's *prima facie* showing of entitlement to judgment. *See also Weise v. Casper*, 507 F.3d 1260, 1265 (10th Cir. 2007) (reasoning that "it is well established that limited discovery may be necessary to resolve qualified immunity claims on summary judgment.")

The Court finds that Plaintiffs successfully demonstrated why some limited discovery was not over broad and would assist them in attempting to overcome Defendants' possible entitlement to qualified immunity. The Court did not allow Plaintiffs to conduct all of the discovery they sought, as set out in their Rule 56(d) affidavit. Accordingly, the Court granted in part and denied in part Plaintiffs' Rule 56(d) affidavit requesting limited discovery.

Under these circumstances, where the Court permits very specific, tailored discovery, it declines to issue language for an interlocutory appeal under 28 U.S.C. § 1292(b). The Court recognizes Defendants' objections to allowing any of the limited discovery, but finds no legal basis to include interlocutory language in this Order. In sum, the Court allows limited discovery but stays discovery in all other regards.

All limited discovery should be completed by October 31, 2013. The Court permits supplemental briefing once limited discovery is complete. Defendants should file a short supplemental brief by November 12, 2013, to which the Plaintiffs may respond by November 29, 2013.

The Court clarifies that if the parties encounter discovery disputes with respect to the above-described limited depositions, counsel should contact the District Court Judge as opposed to the Magistrate Judge. However, if the undersigned District Court Judge is unavailable, counsel may contact Magistrate Judge Molzen.

IT IS THEREFORE ORDERED that DEFENDANTS RUSSELL PEREA AND SCOTT MILLS' MOTION FOR STAY OF DISCOVERY PENDING DISPOSITION OF MOTION FOR QUALIFIED IMMUNITY (Doc. No. 24) is GRANTED in part and DENIED in part, with the result that all discovery is stayed except as described; and that PLAINTIFFS' RULE 56(d) REQUEST FOR LIMITED DISCOVERY (Doc. No. 32-1) is GRANTED in part and DENIED in part.

*James A. Parker*
James A. Parker
Senior United States District Judge